NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GWENDOLYN E. MANDOSIA, | No. 18-55484 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:17-cv-08153-JFW-JPR |
| BANK OF AMERICA, NA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 6, 2020**
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and HILLMAN,***
District Judge.

Plaintiff-Appellant Gwendolyn E. Mandosia ("Ms. Mandosia") appeals from

the dismissal, without leave to amend, of her California common-law fraud claim

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

against Defendant-Appellee Bank of America, NA ("Bank of America"). Ms. Mandosia argues that the district court erred in concluding that her claim was time-barred because under either the delayed discovery or estoppel by fraudulent concealment defenses, her fraud claim did not accrue until she learned about the fraud, *i.e.*, when she read a law firm advertisement posted by her attorneys. We disagree.

These defenses only delay accrual until a plaintiff "has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc*., 110 P.3d 914, 920 (Cal. 2005); *see also Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1057 (9th Cir. 2008). Given the sheer volume of missing or allegedly incomplete applications (10), the number of home inspections charged to her account (39), and her receipt of a notice of foreclosure less than a week after allegedly being approved for a loan modification plan, Ms. Mandosia had or should have had inquiry notice of fraud by, at the latest, the September 2014 foreclosure sale of her home. She thus cannot benefit from either defense.

Ms. Mandosia alternatively argues that the class action, *George v. Urban Settlement Services*, Civ. Act. No. 13-v-01819-PAB-KLM (D. Colo.), equitably tolled the statute of limitations under *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974). We reject this contention. *American Pipe* does not toll Mandosia's common-law fraud claim because the plaintiffs in *George* brought

2

claims of promissory estoppel and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, which would not have placed Bank of America on notice of Ms. Mandosia's California common-law fraud claim. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 467 (1975) (tolling in *American Pipe* "depended heavily on the fact that [the prior] filings involved exactly the same cause of action subsequently asserted"); *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1246 (10th Cir. 2016).

Finally, Ms. Mandosia challenges the district court's denial of leave to amend her Amended Complaint. However, the district court did not err because any amendment would have been futile. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 717–18 (9th Cir. 2003).

For these reasons, the district court's dismissal of Ms. Mandosia's claim is **AFFIRMED.**